WALTER E. EDGE

*v.*

JOHN H. McCLAY.

[Decided October 26th, 1906.]

Where payments under a building contract were due on the certificate of the architect, a stop notice served on the owner on the day after the last certificate was given was insufficient to give the party serving the notice priority over other persons holding orders of the contractor upon the owner.

On bill of interpleader.

*Messrs. Bourgeois & Sooy,* for the defendant John T. French.

*Mr. Eli H. Chandler,* for the defendant Fred. T. Moore.

*Mr. Theo. W. Schimpf,* for the defendant Charles F. Horner.

*Mr. John D. McMullin,* for the Eastern Hydraulic Pressed Brick Company.

BERGEN, V. C.

The questions to be disposed of arise under this bill for interpleader, and the facts are not disputed. The complainant, upon filing his bill, paid into court $3,255, and, after taking an order requiring the defendants to interplead, was dismissed. The claimants and the amounts due them are as follows: John T. French, $1,650; Eastern Hydraulic Pressed Brick Company, $444.47; West Side Lumber Company, $1,900; Charles S. Horner, $150. The first three claimants named assert their right to the fund under orders given by the contractor to the owner, which are in their nature equitable assignments of the fund to the extent named in each order. The claim of Horner

2 *Buch.* Edge *v.* McClay.

is based upon a stop notice under the Mechanics' Lien law, which was served on the 3d day of January, 1906, and the only question of doubt relates to the position, in order of priority, of Horner. It appears that under the terms of the contract for the buildings payments were due on the certificate of the architect, and the last certificate was given January 2d, 1906. The contention of the other claimants is, that the contractor's disposition of the fund by the various assignments which he made thereof became effective on the 2d day of January, and that therefore there was no money in the hands of the owner when the notice of Horner was served on the following day. This question has been disposed of contrary to the contention of Horner by Vice-Chancellor Grey, in *Flaherty* v. *Atlantic Lumber Co. et al., 58 N. J. Eq. (13 Dick.) 467, 475.* In that case the liability of the owner matured May 31st, 1897, and the notices were served at various times between June 1st and September 11th of that year, and in disposing of this question the vice-chancellor said: "As all of these statutory notices were served after the liability of the owner under the contract had matured on May 31st, 1897, and after the residue of the contract price had been thereby freed from the charge in favor of workmen and materialmen, they all failed to have any effect to compel the owner to retain anything for their payment from the contract price, and must all be rejected as claims upon the residue of the fund, which had, on May 31st, 1897, come to be at the disposal of the contractor, and liable to respond to orders given by him." The same rule was adopted by the court of errors and appeals in *Bayonne Building Association* v. *Williams, 59 N. J. Eq. (14 Dick.) 617, 619.* In that case one of the claimants, George W. Conklin, holding an order from the contractor on the owner, sought to secure an advantage by serving a stop notice after the maturity of the last payment. On this part of the case Judge Collins, speaking for the court of errors and appeals, says: "As the respondent Conklin served no notice before the final payment fell due under the contract, his lien expired, and he must stand simply as the holder of an order, and subject to all claims duly served under notices and under orders presented before his own."

In the present case Horner held an order bearing date December 15th, 1905, and on the 3d day of January, 1906, the day after the maturity of the last payment, sought to obtain a preference by serving a stop notice. It is impossible to distinguish this case from *Bayonne Building Association* v. *Williams, supra,* except that Horner served his stop notice one day after the maturity of the owner's liability to pay to the contractor, and in the *Bayonne Building Case* some months had elapsed between the maturity of the owner's liability and the service of the notice. In my opinion, this can make no difference. If the stop notice can be served one day after the contractor is entitled to his payment, it may be served six months after, and this the court of errors and appeals has declared to be ineffective.

The fund in court will be distributed in the following order of priority—to John T. French, Eastern Hydraulic Pressed Brick Company, West Side Lumber Company and Charles S. Horner—so far as the funds applicable to such payments, and now in court, will extend.